IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHEVELLE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. Action No. 12-265-GMS | |
| | ) | |
| CORRECT CARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Chevelle Morris ("Morris"), an inmate at the Delores J. Baylor Women's

Correctional Institution ("BWCI), New Castle, Delaware, filed this lawsuit on March 5, 2012.

(D.I. 3.) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The

court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The complaint is filed pursuant to 42 U.S.C. § 1983, alleging violations of Morris'

constitutional rights and, more particularly, that she received inadequate medical care. (D.I. 3.)

Morris also requests counsel. (D.I. 6.) On December 23, 2011, Morris' hand was accidently

slammed in the shower door, resulting in injury. Morris alleges that the door is warped and hard

to close.

Following the injury, Morris was taken to the hospital for a partial amputation of her ring

finger. A grievance submitted by Morris complains that on January 10, 2012, the physician on

duty refused to look at the injury while a duty nurse changed the bandages. Morris also claimed

that nurses changing her bandages did so in an unsanitary manner. Morris submitted another

grievance on January 12, 2012, complained that medical refused to change her dressing and stated, "I need medical to stop denying me the proper medical treatment."

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Morris proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Morris leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Morris has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Morris's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Morris raises claims against the individual defendants based upon the supervisory positions they hold. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 675-77; *Rode v. Dellarciprete*, 845 F.2d at 1207).

Morris provides no specific facts of any of the individual supervisory defendants' personal involvement as is required to state a claim for violations of her constitutional rights. Nor does the complaint contain facts that any defendant expressly directed the deprivation of her constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation.

To the extent that Morris alleges the supervisory defendants denied her medical care, the

U.S. Court of Appeals for the Third Circuit has concluded that prison administrators cannot be

deliberately indifferent "simply because they failed to respond directly to the medical complaints

of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991

F.2d 64, 69 (3d Cir. 1993). The Third Circuit clarified that "[i]f a prisoner is under the care of

medical experts . . . a non-medical prison official will generally be justified in believing that the

prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing

*Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors

or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . .

will not be chargeable with the Eighth Amendment scienter requirement of deliberate

indifference." *Id.* at 236.

For the above reasons, the court will dismiss all claims against the defendants Warden

Wendi Caple, Commissioner Carl Danberg, Deputy Commissioner Thomas Carter, and Bureau

Chief Mike DeLoy as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[2]

## B. Medical Needs

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97,

103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious

medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to

---

[2]To the extent that Morris raises a claim based upon her difficulty in closing the warped
shower door, the claim fails as it sounds in negligence. The Supreme Court has held that prison
authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. *See*
*Daniels v. Williams*, 474 U.S. 327, 330-30 (1986).

that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Correct Care ("CC") is the only named medical defendant. It is the contract medical provider for the Delaware Department of Correction. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, she must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).

In order to establish that CC is directly liable for the alleged constitutional violations, Morris "must provide evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr.*

6

*Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

Even when reading the complaint in the most favorable light to Morris, she fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. At present, the claims are deficiently pled as they are not directed against any individual. Nor has Morris alleged a policy or custom by CC that caused the alleged constitutional violations. Therefore, the medical needs claims will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Morris may be able to articulate a claim against a defendant or name alternative defendants, she will be given an opportunity to amend as to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### C. Request for Counsel

Morris requests counsel on the grounds that she cannot afford to retain counsel, her imprisonment greatly limits her ability to litigate the case, the case will involve substantial investigation and discovery, the issues are complex, and a trial will likely involve conflicting testimony. (D. I. 6.) A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[3]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."; *Tabron*, 6

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 143, 156-18 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-57. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Morris' request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Morris''s ability to articulate her claims and represent herself. Thus, in these circumstances, the court will deny without prejudice to renew Morris' request for counsel. (D.I. 6.) Should the need for counsel arise later, the issue can be addressed at that time.

## IV. CONCLUSION

For the above reasons, the court will deny the request for counsel without prejudice to renew and will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

F.3d at 153 (no right to counsel in a civil suit).

Morris will be given leave to amend only as to the medical needs claim.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Sept 10 , 2012
Wilmington, Delaware